**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

FANTASIA TRADING, LLC D/B/A
ANKERDIRECT,

                Plaintiff,

      v.

360 ELECTRICAL, LLC,

                Defendant.

C.A. No. 20-1093-LPS

**JURY TRIAL DEMANDED**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant 360 Electrical, Inc. ("360 Electrical"), by and through its undersigned counsel, submits the following Answer to Plaintiff Fantasia Trading, LLC d/b/a AnkerDirect's ("Plaintiff") Complaint. Except as expressly admitted herein, 360 Electrical denies each allegation contained in Plaintiff's Complaint and denies that Plaintiff is entitled to any relief.

## **PARTIES**

1.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2.     Admitted.

## **JURISDICTION AND VENUE**

3.     Admitted.

4.     Denied.

5.     Admitted.

6.     Admitted.

## BACKGROUND

### Anker's History and Products

7.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.     360 Electrical is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14.     360 Electrical admits that U.S. Design Patent No. D881,820 was filed on November 17, 2017 and issued on April 21, 2020, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations raised in paragraph 14, and therefore denies them.

### Anker's Interactions With 360 Electrical

15.     360 Electrical admits that it is the owner of U.S. Design Patent Nos. D834,520 ("the '520 Patent"), D866,472 ("the '472 Patent"), and D879,721 ("the '721 Patent") and that copies of

the '520, '472, and '721 Patents were attached to the complaint as Exhibits A through C, respectively. 360 Electrical admits that the '472 and '721 Patents are continuations of the '520 Patent. 360 Electrical denies the remaining allegations in paragraph 15.

16.     Admitted

17.     Admitted.

18.     Admitted.

19.     360 Electrical admits that it received an email from Plaintiff on January 25, 2019 regarding the PowerPort Cube. 360 Electrical denies the remaining allegations in paragraph 19.

20.     Admitted.

21.     360 Electrical admits that it sent Plaintiff a letter on or about July 6, 2020. 360 Electrical admits that the quotes from said letter are accurate. 360 Electrical denies the remaining allegations in paragraph 21.

22.     360 Electrical admits that it notified Amazon that Plaintiff's PowerPort Cube infringed its intellectual property. 360 Electrical lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations raised in paragraph 22, and therefore denies them.

23.     360 Electrical lacks knowledge or information sufficient to form a belief about the truth of the allegations raised in paragraph 23.

24.     Denied.

### The Prior Art

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Denied.

31.     Admitted.

32.     Denied.

## COUNT I
**Declaratory Judgment of Non-Infringement**

33.     360 Electrical incorporates by reference each and every one of the preceding answers to Plaintiff's complaint, as if fully set forth herein.

34.     Denied.

35.     Denied.

36.     Denied.

## COUNT II
**Declaratory Judgment of Invalidity**

37.     360 Electrical incorporates by reference each and every one of the preceding answers to Plaintiff's complaint, as if fully set forth herein.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## COUNT III
Trade Libel

43.     360 Electrical incorporates by reference each and every one of the preceding answers to Plaintiff's complaint, as if fully set forth herein.

44.     360 Electrical admits that it notified Amazon that Plaintiff's PowerPort Cube infringed its intellectual property. 360 Electrical denies the remaining allegations in paragraph 44.

45.     Denied.

46.     360 Electrical admits that it is aware of the *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) case and that it was cited in 360 Electrical's January 7, 2019 letter. 360 Electrical denies the remaining allegations in paragraph 46.

47.     Admitted.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT IV
### Tortious Interference With Contractual Relations

53.     360 Electrical incorporates by reference each and every one of the preceding answers to Plaintiff's complaint, as if fully set forth herein.

54.     360 Electrical lacks knowledge or information sufficient to form a belief about the truth of the allegations raised in paragraph 54.

55.     360 Electrical admits that it was aware Anker's PowerPort Cube was for sale on Amazon.com. 360 Electrical admits it stated so in its January 7, 2019 letter. 360 Electrical denies the remaining allegations in paragraph 55.

56.     360 Electrical lacks knowledge or information sufficient to form a belief about the truth of the allegations raised in paragraph 56.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

**COUNT V**
**Tortious Interference With Business Expectancy**

61.     360 Electrical incorporates by reference each and every one of the preceding answers to Plaintiff's complaint, as if fully set forth herein.

62.     360 Electrical lacks knowledge or information sufficient to form a belief about the truth of the allegations raised in paragraph 62.

63.     Denied.

64.     360 Electrical admits that it was aware Anker's PowerPort Cube was for sale on Amazon.com. 360 Electrical admits it stated so in its January 7, 2019 letter. 360 Electrical denies the remaining allegations in paragraph 64.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

**COUNT VI**
**Unfair Competition**

69.      360 Electrical incorporates by reference each and every one of the preceding answers to Plaintiff's complaint, as if fully set forth herein.

70.     Denied.

71.     Denied.

72.     Denied.

## ANSWER TO PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, 360 Electrical denies that Plaintiff is entitled to the relief sought in the Complaint, or any relief whatsoever.

## DEMAND FOR JURY TRIAL

360 Electrical requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without conceding that nay of the following necessarily must be pled as a defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to 360 Electrical's right to plead additional defenses as discovery in the facts of the matter warrant, 360 Electrical asserts the following defenses.

1. Plaintiff's allegations, or some of them, fail to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to satisfy the legal and factual requirements sufficient to maintain the cited causes of action.

360 Electrical reserves the right to rely on any additional defenses that become available or apparent during the proceedings in this action, and specifically reserves the right to amend its Answer and Affirmative Defenses.

## RESERVATION OF RIGHTS

360 Electrical reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist of in the future may be available based on discovery and further factual investigation in the case.

## COUNTERCLAIMS

Defendant/Counterclaimant 360 Electrical, Inc. ("360 Electrical") by and through its undersigned counsel, incorporates its answers and affirmative defenses as set forth above, and alleges the following counterclaims against Plaintiff/Counterdefendant Fantasia Trading, LLC d/b/a AnkerDirect ("Anker") for infringement of United Patent Nos. D834,520, D866,472, and D879,721.

## PARTIES, JURISDICTION, AND VENUE

1.      360 Electrical is a limited liability company organized under the laws of the State of Utah with its principal place of business at 1935 Vine Street, Suite 360, Salt Lake City, Utah 84121.

2.      On information and belief, Anker is a Delaware corporation with its principle place of business at 5350 Ontario Mills Pkwy, Suite 100, Ontario, California 91764.

## JURISDICTION AND VENUE

3.      This counterclaim includes causes of action arising under federal law, including patent infringement claims arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., including under 35 U.S.C. § 271. This Court has subject matter jurisdiction over these federal law causes of action under 28 U.S.C. §§ 1331, and 1338(a).

4.      This Court has personal jurisdiction over Anker. On information and belief, Anker has systematic and continuous contact with this forum at least because it is incorporated in Delaware and in this District.

5.      Venue properly resides in this District for this Counterclaim pursuant to 28 U.S.C. §§ 1391 and 1400. Anker has consented to venue in this District by virtue of it having brought its claims against 360 Electrical related to the relevant patents in this District.

## THE PATENTS-IN-SUIT

6.      United States Patent Number D834,520 ("the '520 Patent") is entitled "Electrical Extension Cord Receptacle End." The '520 Patent was duly and legally issued by the United States Patent and Trademark Office on November 27, 2018. A true and correct copy of the '520 Patent is attached as Exhibit A.

7.      The '520 Patent resulted from United States Patent Application No. 29/582,848 ("the '848 Application") filed on October 31, 2016.

8.      United States Patent Number D866,472 ("the '472 Patent") is entitled "Electrical Extension Cord Receptacle End." The '472 Patent was duly and legally issued by the United States Patent and Trademark Office on November 12, 2019. A true and correct copy of the '472 Patent is attached as Exhibit B.

9.      The '472 Patent resulted from United States Patent Application No. 29/670,953 ("the '953 Application") filed on November 21, 2018.

10.     United States Patent Number D879,721 ("the '721 Patent") is entitled "Electrical Extension Cord Receptacle End." The '721 Patent was duly and legally issued by the United States Patent and Trademark Office on March 31, 2020. A true and correct copy of the '721 Patent is attached as Exhibit C.

11.     The '721 Patent resulted from United States Patent Application No. 29/692,904 ("the '904 Application") filed on May 29, 2019.

12.     The '848 Application, '953 Application, and '904 Application and resulting patents (collectively, "the Patents-in-Suit") were assigned to 360 Electrical on November 1, 2016, October 3, 2019, and November 5, 2019, respectively.

## COUNT I – DIRECT INFRINGEMENT OF THE '520, '472, and '721 PATENTS

13.      360 Electrical realleges and incorporates by reference the allegations of the preceding paragraphs as if set forth verbatim herein.

14.      360 Electrical owns the entire rights, title, and interest in the '520 Patent, the '472 Patent, and the '721 Patent.

15.      Anker has directly infringed the single claim of each of the '520 Patent, the '472 Patent, and the '721 Patent ("Asserted Patents") by making, using, selling, offering for sale and/or importing in the United States without authority devices such as the Anker PowerPort Cube USB Power Strip ("Accused Devices"). The Accused Devices are available for sale at retailers including Anker.com (https://www.anker.com/products/variant/powerport-strip-3-with-3-usb-ports/A2763121) and Amazon.com (https://www.amazon.com/Anker-PowerPort-Overload-Protection-Ultra-Compact/dp/B07D25RSWX/).

16.      The Accused Devices are power strips in the shape of a cube.



17.     The ornamental appearance of the Accused Devices is substantially similar to the design claimed in the Asserted Patents such that an ordinary observer would purchase an accused product believing it to be 360 Electrical's Patented Product.



'520 Patent

'472 Patent



Fig. 7          Fig. 8

'721 Patent

18.     Anker has thus infringed the single of claim of each of the Asserted Patents by making, using, selling, offering for sale and/or importing in the United States the Accused Devices.

19.     Anker's acts of direct infringement have caused damage to 360 Electrical, and 360 Electrical is entitled to recover damages sustained as a result of Anker's wrongful acts. These damages include but are not limited to Anker's profits from sales of the Accused Devices and 360 Electrical's lost sales of its devices that embody the design claimed in the Asserted Patents. These devices include 360 Electrical's popular habitat products.



Sea Glass
Habitat+3.4A USB™
Harmony Collection
12ft Extension Cord

20.    On November 11, 2018, 360 Electrical sent Anker a cease-and-desist letter informing it of its infringement of at least the '520 Patent. Since November 2018, Anker has corresponded with 360 Electrical about the ongoing infringement of the Asserted Patents by the Accused Products.

21.    Anker was aware of the '520 Patent at least as early as November 2018. Anker was made aware of the '472 and '721 Patents as they issued. Thus, Anker's infringement of the Asserted Patents is willful and 360 Electrical is entitled to enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, 360 Electrical, respectfully prays that the Court enter judgment in its favor and against the Anker defendants as follows:

    a.    A judgment that Anker has infringed the '520 Patent;

    b.    A judgment that Anker has infringed the '472 Patent;

    c.    A judgment that Anker has infringed the '721 Patent;

    d.    A judgment that 360 Electrical be awarded damages adequate to compensate it for Anker's past infringement and any continuing or future infringement of the '520 Patent, the '472 Patent, and the '721 Patent, including pre-judgment and post-judgment interest costs and disbursements as justified under 35 U.S.C. § 284 and an accounting;

e.      A preliminary and permanent injunction prohibiting the making, using, selling, offering for sale, and/or importing of infringing devices by Anker;

f.      That this be determined to be an exceptional case under 35 U.S.C. § 285;

g.      That 360 Electrical be granted its reasonable attorneys' fees in this action;

h.      That 360 Electrical be granted its cost; and

i.      That this Court award 360 Electrical such other and further relief as the Court deems proper.


Dated: November 30, 2020

|  |  |
|---|---|
|  | _/s/ Kelly E. Farnan_ |
|  | Kelly E. Farnan (#4395) |
|  | Valerie A. Caras (#6608) |
| OF COUNSEL: | Richards, Layton & Finger, P.A. |
|  | One Rodney Square |
| William B. Dyer III | 920 N. King Street |
| Andrew G. Strickland | Wilmington, DE 19801 |
| Lee & Hayes, P.C. | (302) 651-7700 |
| 75 14th Street, Suite 2500 | farnan@rlf.com |
| Atlanta, GA 30309 | caras@rlf.com |
| (404) 815-1900 |  |
| bill.dyer@leehayes.com |  |
| andrew.strickland@leehayes.com | *Attorneys for Defendant 360 Electrical, LLC* |